IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| PILI C. GREENFIELD, SR., | * |  |
| *Plaintiff-Appellant*, | * |  |
| v. | * | No. 25-7070 |
| DISTRICT OF COLUMBIA, *et al.*, | * | NOT YET SCHEDULED FOR ORAL ARGUMENT |
| *Defendants-Appellees*. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### APPELLEES SECRETARY RAFAEL J. LÓPEZ AND TREASURER DERECK E. DAVIS' MOTION FOR SUMMARY AFFIRMANCE AND OPPOSITION TO APPELLANT'S MOTION FOR SUMMARY REVERSAL

Appellant Pili C. Greenfield, Sr., sued appellees, the District of Columbia, Maryland Department of Human Services Secretary Rafael J. López, Maryland State Treasurer Dereck E. Davis, and Raquel Peoples, challenging his child support obligations as determined by Maryland and District of Columbia courts. The United States District Court for the District of Columbia dismissed his complaint for lack of subject matter jurisdiction because federal district courts lack jurisdiction to review judicial decisions by state courts and to decide issues of domestic relations, including child support obligations.

The district court was correct, and this Court should summarily affirm. The merits of this appeal are so clear that they warrant summary disposition. The basic

facts and law in this case are simple and straightforward, and there is no issue warranting a published opinion. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297-99 (D.C. Cir. 1987) (summarily affirming the district court's summary judgment ruling) (per curiam).

## BACKGROUND

### A. Prior Litigation

In 2007, the Circuit Court for Prince George's County, Maryland entered a consent order that required Mr. Greenfield to provide health insurance and financial support for his minor children. (App. 25.) From 2008 to 2016, Mr. Greenfield was incarcerated in federal prison, after which he temporarily returned to Maryland before moving to the District of Columbia. (App. 25.) In April 2019, the State of Maryland filed a Uniform Interstate Family Support Act[1] petition with the District of Columbia. (App. 26.) The latter filed a petition to establish parentage in the

---

[1] The Uniform Interstate Child Family Support Act, D.C. Code Ann. §§ 46–301.01 to 46–309.01,

> attempts to clarify the methods of establishment, enforcement, or modification of support orders across state lines. One goal of UIFSA is to establish a "one-order system" so as to avoid the problems of multiple and conflicting support orders that arose under the previous regime, the Revised Uniform Reciprocal Enforcement of Support Act. As the prefatory note explains, the principles of UIFSA promote the concept "that only one valid support order may be effective at any one time."

*DeGroot v. DeGroot*, 939 A.2d 664, 670 (D.C. 2008) (internal citations omitted).

2

Superior Court of the District of Columbia, which Mr. Greenfield opposed. App. 26. The Superior Court issued a permanent order for child support on August 9, 2022, which was affirmed by the District of Columbia Court of Appeals on December 15, 2023. (App. 27.)

### B.  This Litigation

On August 27, 2024, Mr. Greenfield commenced this action in federal district court against the District of Columbia, Secretary López, and Ms. Peoples, the mother of one of his children. (App. 9-22.) Approximately six weeks later, in early October 2024, he filed an amended complaint. (App. 23-36.) Two months later, in December 2024, Mr. Greenfield sought and was granted leave to file a second amended complaint, which added Treasurer Davis as a defendant. (App. 3 (ECF No. 15), 37-43.)

Mr. Greenfield alleged claims under various state and federal statutory and common law theories in support of his belief that he has been harmed by "conflicting jurisdictional assertions by the District of Columbia and the State of Maryland regarding child support obligations." (App. 23.) Specifically, Mr. Greenfield sought a declaratory judgment "that Maryland retains exclusive jurisdiction of child support enforcement, rendering D.C.'s conflicting orders void," an injunction preventing the District of Columbia "from enforcing conflicting child support orders," and compensatory and punitive damages for harms allegedly caused by the state court orders. (App. 38-41.) Mr. Greenfield also filed several motions seeking emergency relief

3

and jurisdictional discovery, among other matters (App. 4-5 (ECF Nos. 21, 25, 26, 32)), which motions prompted the district court to order the parties to show cause as to why the court "should not dismiss the action for lack of jurisdiction." (App. 6 (Minute Ord., Jan. 21, 2025).) Mr. Greenfield, the District of Columbia, Secretary López, and Treasurer Davis filed responses to the show cause order. (App. 7 (ECF Nos. 41, 42, 43).)

The district court dismissed the lawsuit for lack of subject matter jurisdiction, for two reasons. (App. 44-54.)[2] First, the *Rooker-Feldman* doctrine prevents federal courts from reviewing judicial decisions by state courts. App. 48. Second, the domestic relations exception to federal jurisdiction bars federal courts from adjudicating child support obligations. (App. 48.) To the extent that any of Mr. Greenfield's claims extended beyond the child support issue and therefore fell outside of these two doctrines, the district court found that the claims failed as a matter of law because Mr. Greenfield did not allege any "facts in support of these claims, much less any facts that create any daylight between [his] challenge to the child support decrees and any separate claim for relief." (App. 51.)

Mr. Greenfield timely appealed and moved for summary reversal in this Court.

---

[2] The district court's decision is available online. *See Greenfield v. District of Columbia*, No. 24-cv-2472 (RDM), 2025 WL 1358378 (D.D.C. April 8, 2025).

4

## STANDARDS OF REVIEW

This Court "review[s] a District Court's dismissal for lack of subject matter jurisdiction *de novo*, 'assuming the truth of all well-pled material factual allegations in the complaint and granting the plaintiff the benefit of all reasonable inferences from the alleged facts.'" *Row 1 Inc. v. Becerra*, 92 F.4th 1138, 1143 (D.C. Cir.), *cert. denied,* 145 S. Ct. 413 (2024) (quoting *RICU LLC v. U.S. Dep't of Health & Hum. Servs.*, 22 F.4th 1031, 1034 (D.C. Cir. 2022)).  The denial of jurisdictional discovery is reviewed for abuse of discretion.  *FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008).

## ARGUMENT

The Court should summarily affirm the district court's dismissal. "Federal courts are courts of limited jurisdiction . . . [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   The district court correctly held that two principles of that limited jurisdiction compelled dismissal of Mr. Greenfield's lawsuit for lack of subject matter jurisdiction.

First, "federal district courts lack jurisdiction to review judicial decisions by state and District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996); *see also Araya v. Bayly*, 875 F. Supp. 2d 1, 3-6 (D.D.C. 2012) (dismissing federal lawsuit against District of Columbia

5

judge who presided over plaintiff's divorce proceedings because plaintiff "effectively seeks review of a Superior Court judgment"). Known as the *Rooker-Feldman* doctrine,³ this principle prohibits federal district courts from exercising subject matter jurisdiction over cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) ("[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury caused by the state court's decision itself."); *Washington v. Wilmore*, 407 F.3d 274, 279 (4th Cir. 2005) (the *Rooker-Feldman* doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court.") (quoting *Feldman*, 460 U.S. at 486). The doctrine is rooted in the federal district courts' Congressionally-mandated authority to act solely as courts of original, not appellate, jurisdiction. *Exxon*, 544 U.S. at 283.

Although Mr. Greenfield now frames his complaint as alleging "harm [that] stems from conflicting administrative enforcement—not the content of a judgment,"

---

³ *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

6

Appellant's Motion for Summary Reversal at 4 ("Appellant's Motion"), he ignores that he expressly sought relief that would have invalidated the 2022 order entered by the Superior Court, such as "injunctive relief preventing the District of Columbia from enforcing conflicting [child support] orders." (App. 41.) The district court properly recognized that *Rooker-Feldman* precluded it from reviewed and rejecting the state court decisions. Nor could the district court, as Mr. Greenfield seeks, provide him with "clarification" regarding the state court decisions, Appellant's Motion at 3, or award him damages for any financial consequences or other injuries stemming from the decisions themselves.

In short, having lost at the District of Columbia Superior Court and the Court of Appeals, the relief that Mr. Greenfield seeks is available to him only through a petition for writ of certiorari to the United States Supreme Court—not through a complaint against the District of Columbia, Secretary López, or Treasurer Davis in federal district court. *See Richardson*, 83 F.3d at 1514 (citing 28 U.S.C. § 1257). When Mr. Greenfield sought intervention by the district court after the support order was affirmed by the District of Columbia Court of Appeals, he plainly stood as a "state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced"—a situation the *Rooker-Feldman* doctrine squarely prevents. *Exxon*, 544 U.S. at 284.

7

Second, under the domestic relations exception, federal courts lack jurisdiction over claims that seek to enjoin or modify enforcement of a child support order. *See Proctor v. Title 4-D*, 318 F. Supp. 3d 337, 344 (D.D.C. 2018); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *Delaney v. District of Columbia*, 659 F. Supp. 2d 185, 193 (D.D.C. 2009) (applying domestic relations exception to dismiss claim "seek[ing] to enjoin the enforcement of [the plaintiff's] child support obligations and/or to have those obligations modified or recalculated."). A federal district court cannot review or modify child support orders issued by the District of Columbia Superior Court, which has original jurisdiction over such matters. D.C. Code Ann. § 11-1101(a)(3). The Full Faith and Credit for Child Support Orders Act ("FFCCSOA"), 28 U.S.C. § 1738B, which Mr. Greenfield invokes (Appellants' Motion at 3-4, 6-7), does not modify federal district courts' original jurisdiction or otherwise provide them with subject matter jurisdiction to collaterally review state court child support orders, as the district court recognized.[4] (App. 49.) Once again, Mr. Greenfield's only avenue of recourse is via petition for writ of certiorari to the Supreme Court.

---

[4] To the extent that the FFCCSOA supports Mr. Greenfield's position that the District of Columbia courts erroneously entered and upheld child support orders against him, such argument should have been made to those courts. Mr. Greenfield cannot avoid the *Rooker-Feldman* doctrine's jurisdictional bar by asserting a new legal argument in federal court. *Cf. Davani*, 434 F.3d at 718-19 ("A claim seeking

8

Although Mr. Greenfield correctly observes that the domestic relations exception "does not bar federal constitutional or statutory claims simply because they relate to family matters," Appellant's Motion at 4, he ignores that his claims are inextricably intertwined with and solely arise from the child support obligations fully adjudicated by the Maryland and District of Columbia courts. Because Mr. Greenfield's alleged harms all flow directly from the child support order entered by the Superior Court, his case is unlike *Ankenbrandt*, where "a former spouse sue[d] another on behalf of children alleged to have been abused."[5] 504 U.S. at 707.

To the extent that this Court construes Mr. Greenfield's complaint as attempting to raise independent claims of fraudulent misrepresentation, theft, violation of civil rights, negligence, and others, (App. 30-35), those claims "require review and rejection of findings, decisions, and actions integral to the [state court child support] proceedings" and thus are not independent. *Araya*, 875 F. Supp. 2d at 6. As such, the district court lacked jurisdiction over such claims. *Id.* Moreover, even if they were independent claims and did not arise from decisions by the District of Columbia courts, the district court correctly found that they failed as a matter of law. (App.

---

redress for an injury caused by the state court decision itself—even if the basis of the claim was not asserted to the state court—asks the federal district court to conduct an appellate review of the state-court decision.").

[5] Mr. Greenfield otherwise cites *Marshall v. Marshall*, 547 U.S. 293 (2006), Appellant's Motion at 4, which discusses *Ankenbrandt* but applies the probate exception, not the domestic relations exception, to the facts before the Supreme Court.

9

50-51.) As the district court observed, Mr. Greenfield alleged only conclusory statements, not any facts in support of his claims, "much less any facts that create any daylight between [Mr. Greenfield's] challenge to the child support decrees and any separate claim for relief." (App. 51.)

Finally, the district court did not abuse its discretion when it denied Mr. Greenfield's motion for jurisdictional discovery. "In certain circumstances, plaintiffs should 'be given an opportunity for discovery of facts necessary to establish jurisdiction prior to decision of a [Rule] 12(b)(1) motion.'" *Baptist Memorial Hosp. v. Johnson*, 603 F. Supp. 2d 40, 44 (D.D.C. 2009) (quoting *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001)). But "[w]here additional discovery would not 'be beneficial to [plaintiff's] establishment of jurisdiction,' discovery need not be granted prior to dismissal on jurisdictional grounds." *Id.* (quoting *Cheyenne-Arapaho Tribes v. United States*, 517 F. Supp. 2d 365, 373 (D.D.C. 2007)). None of the discovery Mr. Greenfield sought—"federal supervision reports, testimony from probation officers, and documentation from Maryland and D.C. child support agencies," App. 51—would have overcome the *Rooker-Feldman* doctrine or the domestic relations exception, which conclusively prevent a federal court from reviewing or interfering with a state court child support obligation. Accordingly, the district court did not abuse its discretion when it denied the request for jurisdictional discovery.

## CONCLUSION

The district court's dismissal should be summarily affirmed.

                                                    Respectfully submitted,

                                                    ANTHONY G. BROWN
                                                    Attorney General of Maryland

/s/ Kirstin Lustila
Kirstin Lustila
D.C. Circuit Bar No. 62202
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place
Baltimore, Maryland 21202
klustila@oag.state.md.us
(410) 576-6405

July 23, 2025                              Attorneys for Appellees Secretary Rafael J. López and Treasurer Dereck E. Davis

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(1) because this motion contains 2,361 words, excluding exempted parts.

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Rule 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in Fourteen point, Times New Roman.

                                              /s/ Kirstin Lustila  
                                              Kirstin Lustila

## CERTIFICATE OF SERVICE

I certify that, on this 23rd day of July, 2025, the foregoing was filed electronically and served on counsel of record, who are registered CM/ECF users, and by first-class mail, postage prepaid, on:

Pili C. Greenfield, Sr.  
4411 Jay Street NE  
Washington, DC 20019

                                              /s/ Kirstin Lustila  
                                              Kirstin Lustila